IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DERRICK J. BOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-cv-03231-MDH |
| | ) | |
| DORIS FALKENRATH, | ) | |
| Superintendent, | ) | |
| Jefferson City Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Derrick J. Bolden's Petition for Writ of Habeas Corpus (Doc. 1), First Amended Petition for a Writ of Habeas Corpus (Doc. 13), Respondent's Response to the Order to Show Cause (Doc. 17), and Petitioner's Traverse (Doc. 31). Petitioner Derrick J. Bolden is incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri as a result of the sentence and judgment issued by the Green County Circuit Court of Missouri. A jury found Petitioner guilty of two counts of first-degree assault pursuant to § 565.050 R.S. Mo, one count of unlawful use of a weapon pursuant to § 571.030 R.S. Mo, and three counts of armed criminal action pursuant to § 571.015 R.S. Mo. Petitioner was sentenced to twenty-four years imprisonment. Petitioner's convictions were affirmed on direct appeal. *State of Missouri v. Bolden*, No. SD34867. Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule ("Rule") 29.15, the denial of which was also affirmed. *Bolden v. State of Missouri*, No. SD37021.

Petitioner now seeks relief from this Court pursuant to 28 U.S.C. § 2254. Petitioner raises two grounds for relief in his petition: 1) trial counsel's failure to fully investigate and call Lloyd Bolden to testify on Petitioner's behalf at trial and 2) trial counsel's failure to request additional time for Petitioner to consider the State's plea offer in light of the State's late disclosure of evidence.

Respondent contends Petitioner's first ground for relief should be denied in deference to the Missouri Court of Appeals' decision on the same issue. Respondent argues that Petitioner's second ground for relief should be denied as procedurally defaulted as Petitioner failed to raise this ground for relief in his motion for post-conviction relief under Rule 29.15. Respondent concedes Petitioner made statements about this claim during the post-conviction evidentiary hearing and tried to raise the claim on his post-conviction appeal. The claim was ultimately denied on state-law procedural grounds.

**BACKGROUND**

The following background is taken from the Missouri Court of Appeals Memorandum Supplementing Order Affirming Judgment Pursuant to 84.16(b). Respondent's Exhibit J, pages 2-4.

> In May 2015, [Petitioner] followed his ex-girlfriend, Amber Williams ("Williams"), after she left a bar with another man. [Petitioner] was in a Camaro and tailed Williams's car down a dead-end street where he fired seven shots into her vehicle, injuring her and the other occupant of the vehicle (collectively, the "Victims"). When the police arrived, Williams identified [Petitioner] as the shooter. Once officers located [Petitioner], he fled but was later caught and arrested.
>
> While in jail awaiting trial, [Petitioner] made multiple phone calls in aid of a scheme to bribe or scare Williams into recanting. Williams eventually gave [Petitioner]'s trial

counsel a statement recanting her identification of [Petitioner] as the shooter. [Petitioner] was told by phone that "it's done" and "taken care of."

After learning about Williams's recantation, the police contacted Williams, who again confirmed that [Petitioner] was the shooter. Williams explained she had received threatening text messages and feared for the safety of herself and her child if she testified against [Petitioner]. Police began a victim-tampering investigation that included a review of [Petitioner]'s phone calls from jail.

A few days later, in a recorded phone call from the jail ("Exhibit 26"), [Petitioner] complained about the authorities' discovery of his scheme. The callee acknowledged the jail had "pulled recordings. They have us on recordings," triggering a profane tirade by [Petitioner] which ended, "I ain't getting life for this motherf*cker, just know that."

The key trial issue was identification of [Petitioner] as the shooter. Williams was an uncooperative witness, so the State offered and the trial court admitted Exhibit 26 and 12 more of [Petitioner]'s recorded calls (collectively, "Exhibit 25"), as showing consciousness of guilt. [Petitioner]'s trial counsel did not object to this evidence. [Petitioner] called Terrell Chatman ("Chatman") as a witness who testified that he went with [Petitioner] to the bar sometime after 10:30 p.m. and left the bar with [Petitioner] in [Petitioner]'s red Camaro after less than an hour.

The jury found [Petitioner] guilty of six shooting-related felonies. [Petitioner] filed a direct appeal. This Court affirmed [Petitioner]'s convictions. [Petitioner] timely filed his pro se motion and [Petitioner]'s post-conviction counsel timely filed an amended Rule 29.15 motion. The amended motion alleged three claims relevant to this appeal:

> (1) Trial counsel unreasonably failed to properly investigate the potential testimony of and call Jeff Peterson [("Bar Owner")].
> (2) Trial counsel unreasonably failed to properly investigate the potential testimony of and call Lloyd Bolden [("Grandfather")].
> (3) Trial counsel unreasonably failed to object to the admission of Exhibit 25 for lack of foundation.

Months after post-conviction counsel filed the amended motion, [Petitioner] filed a pro se motion "to conduct an abandonment inquiry into post-conviction counsel's performance." The motion alleged that "[p]ost-conviction counsel . . . erroneously abandoned [three specific] grounds meriting relief[.]"

An evidentiary hearing was held on [Petitioner]'s amended Rule 29.15 motion. The motion court denied [Petitioner]'s amended motion, finding that trial counsel was not ineffective in failing to investigate or call Bar Owner and Grandfather because trial counsel did not know about Bar Owner, neither witness's testimony would have provided a viable defense and there was "no resulting prejudice" in failing to call the witnesses. As to [Petitioner]'s third claim, the motion court found trial counsel was not ineffective in failing to object to State's Exhibit 25 because "State's Exhibit 25 would have been admitted regardless[.]" The motion court also denied [Petitioner]'s claims that post-conviction counsel "abandoned" him by failing to raise additional claims in the amended motion. [Petitioner] appeals from that judgment.

## STANDARD OF REVIEW

Section 2254 of Title 28 of the U.S. Code permits a prisoner in state custody to petition a federal court for a writ of *habeas corpus* "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Specifically, §§ 2254(d)(1) and (2) of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1) and (2).

The state court's findings of facts are subject to a deferential standard of review; meaning, these findings are presumed correct unless the petitioner can rebut those findings with

"clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Kinder v. Bowersox*, 272 F.3d 532, 538 (8th Cir. 2001); *James v. Bowersox,* 187 F.3d 866, 871 (8th Cir. 1999).

The court must scrutinize the ineffective assistance of counsel claim under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* Under *Strickland*, a prevailing defendant must prove "both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). As to the "deficiency" prong, the defendant must show that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Id.* (quoting *Hayes v. Lockhart*, 766 F.2d 1247, 1251 (8th Cir.)). Courts are highly deferential to the decisions of counsel and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A reviewing court must look at the circumstances as they appeared to counsel at the time of the proceeding and should rarely second-guess an attorney's tactics or strategic decisions. *Lacher v. United States*, No. 05-3175-CV-S-RED, 2006 WL 744278 (W.D. Mo. Mar. 23, 2006).

As to the "prejudice" prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cheek*, 858 F.2d at 1336 (quoting *Strickland*, 466 U.S. at 694). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). Therefore, where defendant claims ineffective assistance of counsel surrounding the rejection of a plea offer:

> defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 132 S. Ct. 1376, 1385, 182 L. Ed. 2d 398 (2012).

## ANALYSIS

### I. Ineffective Assistance of Counsel Claim for Failing to Fully Investigate and Call Lloyd Bolden as a Witness

Petitioner first asserts a claim that trial counsel was ineffective in failing to fully investigate and call Lloyd Bolden to testify on Petitioner's behalf at trial. Petitioner argues if the jury had been presented with Lloyd Bolden's testimony and found it credible, the jury would have found that Petitioner could not have been present at the time of the shooting and, thus, could not have committed the crimes for which he was convicted. Further, Petitioner argues the Missouri Court of Appeal was unreasonable for finding it would not provide a viable defense.

There is a "doubly deferential" standard for ineffective assistance of counsel claims brought in federal court. *Knowles v. Mirzayance,* 129 S.Ct. 1411, 1420 (2009). First, a petitioner must satisfy the high standard set forth in *Strickland v. Washington,* 466 U.S. 688 (1984) by showing that (1) counsel's performance fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) petitioner was prejudiced to the extent that the result of the proceeding would have been different. *Id.*, see also *United States v. Martinez-Salinas,* 573 F.3d 595, 598-599 (8th Cir. 2009); *Parker v. Bowersox*, 94 F.3d 458, 461 (8th Cir.1996); *Gee v. Groose*, 110 F.3d 1346, 1352 (8th Cir. 1997).

If Petitioner can show the two elements under *Strickland*, then they must show that the state court's adjudication of his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Owens v. Dormire,* 198 F.3d 679, 681 (8th Cir. 1999); *Thai v. Mapes,* 421 F.3d 970, 975 (8th Cir. 2005); 28 U.S.C. § 2254(d)(1),(2).

The Missouri Court of Appeals stated the following with regard to Petitioner's claim of ineffective assistance of counsel as to Lloyd Bolden:

> [Lloyd Bolden]'s testimony likewise fails to negate any element of the crimes. [Lloyd Bolden] testified the police arrived and an officer checked the hood of [Petitioner]'s car and determined it was cold. Even assuming [Lloyd Bolden]'s testimony is admissible, his testimony does not negate any element of the shooting-related crimes since it has no tendency to show [Petitioner] could not have been at the crime scene earlier. [Lloyd Bolden]'s testimony does not identify which officer checked the hood or at what time. A cold car hood at some unspecified time in unspecified weather conditions does not establish [Petitioner] did not commit the shooting-related crimes. The motion court did not clearly err in finding trial counsel was not ineffective for failing to call Bar Owner and [Lloyd Bolden] as witnesses. Points 1 and 2 are denied.

Respondent's Exhibit J, pages 6-7.

Here, the record shows trial counsel spoke to Lloyd Bolden about his potential testimony and discussed with Petitioner whether to call Lloyd Bolden as a witness. (Resp. Ex. F at 22-24). Trial counsel testified that he and Petitioner agreed with not calling Lloyd Bolden because "there was nothing that Lloyd Bolden could say that would provide an adequate defense one way or the other. (Resp. Ex. F at 24). Given the *Strickland* standard above, Petitioner failed to show that trial counsel was deficient.

After a review of the record and applying the applicable standards of review to these facts, this Court finds that Petitioner failed to show that trial counsel was deficient. Thus the state court's determination was not a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254. For the reasons set forth herein, this ground for relief is denied.

II. Ineffective Assistance of Counsel in Failing to Request Additional Time for Petitioner to Consider the State's Plea Offer

Petitioner asserts trial counsel was ineffective in failing to request additional time for him to consider the State's plea offer in light of the State's late disclosure of evidence. Petitioner claims it left insufficient time for him to review the new evidence prior to the expiration of the State's plea offer. Petitioner concedes that this claim is procedurally barred. However, Petitioner states he can establish cause and prejudice under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) to overcome the procedural default of his claim.

Even when a petitioner has technically met the exhaustion requirement, the federal court may still be prevented from considering the federal *habeas* claim if it is procedurally defaulted. "A *habeas* petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 2552, 115 L. Ed. 2d 640 (1991) at 732. When a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. *Martinez,* 132 S. Ct. 1309 (2012). The prisoner must show where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was

ineffective under the standards of *Strickland*. *Id*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Id*. "[T]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." Section 2254(i). "Cause," however, is not synonymous with "a ground for relief." *Martinez,* 132 S. Ct. 1309 (2012). A finding of cause and prejudice does not entitle the prisoner to habeas relief. *Id*. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. *Id*.

Under *Martinez*, the Petitioner must first show where appointed counsel in the initial-review collateral proceeding was ineffective under the standards of *Strickland v. Washington*. Here, the motion court asked post-conviction counsel for Petitioner, Heather Davis, why she did not raise the claim in Petitioner's amended motion. (PCR Tr. 42). Ms. Davis stated that she did not believe the claim met the requirements for post-conviction relief. *Id*. This is the only mention in the record as why Ms. Davis did not include Petitioner's claim within the amended motion.

Petitioner did not show that post-conviction counsel was deficient. A competent attorney would know that the State can withdraw the offer of a plea at any time for any reason. This is evidenced in the record by the motion court holding "the fact that Mr. Bolden was not given enough time for him in his mind to think about it does not rise to the level that it would be a motion to grant or to set aside the verdict." (Resp. Ex. F at 52). This is also consistent with existing Missouri Law. "[A]s a general rule, Missouri law permits the State discretion to

withdraw a plea offer, even an accepted plea offer, at any time prior to the offer's acceptance by the trial court." Missouri v. Frye, 566 U.S. 134, 147, 132 S.Ct. 1399, 182 L.Ed. 2d 379 (2012). Given Ms. Davis's judgment regarding her belief that Petitioner's claim did not meet the requirements for post-conviction relief, and the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, it cannot be said counsel acted deficiently.

After a review of the record and applying the applicable standard of review to these facts, this Court finds that Petitioner has not demonstrated that post-conviction counsel was deficient under the *Strickland* standard. Therefore, Petitioner has not overcome the procedural default of his claim. For the reasons set forth herein, this ground for relief is denied.

## DECISION

For the reasons stated above, this Court finds that the state court determinations on Petitioner's first ground for relief were neither contrary to federal law nor did they involve an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. This Court finds that Petitioner's second ground for relief is procedurally defaulted. Thus, Petitioner's Petition for Habeas Corpus and First Amended Petition for Habeas Corpus are **DENIED** in their entirety.

**IT IS SO ORDERED**.
DATED: September 11, 2024

                                                */s/ Douglas Harpool*
                                                DOUGLAS HARPOOL
                                                UNITED STATES DISTRICT JUDGE